# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| TIFFANY K. COLEMAN-WEATHERSBEE, individually, and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MICHIGAN STATE UNIVERSITY FEDERAL CREDIT UNION and<br>DOES 1 through 100,<br><br>　　　　　Defendants. | Case No.: 5:19-cv-11674-JEL-DRG<br><br>Honorable Judith E. Levy<br><br>Magistrate Judge David R. Grand |

## ORDER GRANTING PRELIMINARY APPROVAL
## OF THE CLASS ACTION SETTLEMENT

The Court, having considered Tiffany K. Coleman-Weathersbee's Motion for Preliminary Approval of the Class Action Settlement, and all supporting documents thereto (collectively, the "Motion"), and the Settlement Agreement and Release (the "Settlement Agreement"), orders as follows:

1. The defined terms in this order shall have the same meaning given such terms in the Settlement Agreement.

2. The Court finds, on a preliminary basis, that the classes, as defined in the Settlement Agreement, meet all the requirements for certification of a settlement class under the Federal Rules of Civil Procedure and applicable case law. Accordingly, the court provisionally certifies the following settlement classes, composed of the following class members:

**The Sufficient Funds Class**: Those members of Defendant who, between June 6, 2013 and December 9, 2019, were assessed and paid an overdraft fee on a Sufficient Funds Damage Transaction that was not refunded.

**Multiple NSF Fees on a Single Item Class:** Those members of Defendant who, from and including June 6, 2013 through December 9, 2019, were assessed more than one NSF fee on a single payment transaction that was not refunded.

**The Pre-Litigation Regulation E Class:** Those members of Defendant who, from and including June 6, 2013 through June 5, 2019, were assessed and paid an overdraft fee on a debit card or ATM transaction that was not refunded.

**The Post-Litigation Regulation E Class:** Those members of Defendant who, from and including June 6, 2019 through December 11, 2019, were assessed and paid an overdraft fee on a debit card or ATM transaction that was not refunded or from and including December 12, 2019 to when the member opted-in to the Regulation E overdraft program under the revised Opt-In Agreement sent in December 2019 and was assessed and paid an overdraft fee on a debit card or ATM transaction that was not refunded.

3. The Court provisionally appoints Tiffany K. Coleman-Weathersbee as the Class Representative of the four settlement classes.

4. Plaintiff has requested bids for administration services for this case from KCC Class Action Services LLC ("KCC") and Epiq Class Action & Claims Solutions, Inc. ("Epiq"). The Court appoints the lowest bidder between KCC and Epiq as the Claims Administrator under the terms of the Settlement Agreement.

5. For purposes of the Settlement Agreement, the Court further provisionally finds that counsel for the settlement classes, Richard D. McCune of McCune Wright Arevalo, LLP and Taras Kick of The Kick Law Firm, APC, and local counsel, Phillip Goodman, Of Counsel of Hubbard Snitchler & Parzianello, PLC are qualified, experienced, and skilled attorneys capable of adequately representing the settlement classes, and they are provisionally approved as Class Counsel.

6. This certification of preliminary settlement classes, under this order, is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of the defendant in this action that any other proposed or certified class action is appropriate for

class treatment pursuant to the Federal Rules of Civil Procedure or any similar statute, rule or common law. The entry of this order is without prejudice to the rights of the defendant to oppose class certification in this action, should the settlement not be approved or not be implemented for any reason, or to terminate the Settlement Agreement, as provided therein.

7. The Court provisionally, and solely for purposes of this settlement, finds that the members of the classes are so numerous that joinder of all members would be impracticable, that the litigation and proposed settlement raise issues of law and fact common to the claims of the class members, and these common issues predominate over any issues affecting only individual members of the settlement classes, that the claims of Tiffany K. Coleman-Weathersbee (the "Named Plaintiff") are typical of the claims of the settlement classes, and that a class action is superior to other methods available for adjudicating the controversy. With respect to adequacy, the Court notes that the Named Plaintiff is a member of the Sufficient Funds Class, the Multiple NSF Fees on a Single Item Class, and the Pre-Litigation Regulation E Class. Additionally, the Named Plaintiff incurred post-litigation overdraft fees. Although these fees were refunded automatically for Named Plaintiff only, Defendant Michigan State University Federal Credit Union proffered that it would automatically refund any post-litigation overdraft fees of any named class member, making Named Plaintiff no less adequate a representative for the Post-Litigation Regulation E Class than any other class member. The Court provisionally, and solely for purposes of this settlement, finds that in prosecuting this action and negotiating and entering into the Settlement Agreement, the Named Plaintiff and her counsel have fairly and adequately protected the interests of the members of the settlement classes and will adequately represent the settlement classes in connection with the settlement.

8. The Court has reviewed the Settlement Agreement and the attached Notice of Pending Class Action and Proposed Settlement ("Notice") (Exhibit 1 to the Settlement Agreement) and finds that the settlement memorialized therein falls within the range of reasonableness and potential for final approval, thereby meeting the requirements for preliminary approval, and that the Notice should go out to the Settlement Class in the manner described in the Settlement Agreement. The settlement appears to be reasonable considering the risk inherent in continuing with litigation. The Court also notes that the settlement is a non-reversionary one where no money will be returned to the Defendant. The Court also notes that the settlement was the product of an arm's length negotiation involving experienced counsel.

9. The Court finds that the methods of providing notice prescribed in the Settlement Agreement meets the requirements of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, shall constitute due and sufficient notice to all persons entitled thereto, and complies with the requirements of the Constitution of the United States, and all other applicable laws.

10. For the purposes stated and defined in the Settlement Agreement, the court hereby sets the following dates and deadlines:

| | |
|---|---|
| The Claims Administrator Sends Notice and Website Goes Live | No later than Forty-Five Days After the Preliminary Approval Order is Signed |
| The Last Day to Opt-Out | Thirty Days After the Claims Administrator Sends Notice |
| The Motion for Final Approval and Attorneys' Fees Filed with the Court | Thirty-Five Days After Claims Administrator Sends Notice |
| Last Day to Object | Fifteen Days After the Motion for Final Approval and Attorneys' Fees is Filed with the Court |
| Last Day to File Responses to Objections and Class Counsel's and Defendant's Replies in | Ten Days After the Last Day to Object |

| | |
|---|---|
| Support of the Motion for Final Approval and Attorneys' Fees | |
| Final Approval Hearing | If Convenient to this Court's Calendar, Twenty Days After the Last Day to Object or Whatever Date is Convenient to this Court's Calendar |
| The Claim Administrator's Filing of the Final Report | Thirty Days After the Time to Cash Checks has Expired |

If one of the above dates/deadlines falls on a weekend, *i.e.* Saturday or Sunday, the deadline will move to the next business day.

11. The Court hereby approves and adopts the procedures, deadlines, and manner governing all requests to be excluded from the settlement classes, or for objecting to the proposed settlement, as provided for in the Settlement Agreement.

12. All costs incurred in connection with providing the Notice and settlement administration services to the class members shall be paid from the Settlement Fund.

13. If the settlement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection therewith shall terminate without prejudice to the status quo ante and rights of the parties to the action as they existed prior to the date of the execution of the Settlement Agreement, except as otherwise provided in the Settlement Agreement.

SO ORDERED.

Date: March 23, 2020

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge