## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| TIFFANY K. COLEMAN-WEATHERSBEE, individually, and on behalf of others similarly situated, | Case No.:  5:19-cv-11674-JEL-DRG |
| Plaintiff, | Honorable Judith E. Levy |
| v. | Magistrate Judge David R. Grand |
| MICHIGAN STATE UNIVERSITY FEDERAL CREDIT UNION and | |
| DOES 1 through 100, | |
| Defendants. | |

## ORDER GRANTING FINAL APPROVAL
## OF THE CLASS ACTION SETTLEMENT

This Court granted preliminary approval of the Settlement Agreement and Release (the "Settlement Agreement") and certified provisional settlement classes. [Dkt. No. 28.]  Due and adequate notice having been given to the Class Members, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein and all comments received regarding the Settlement Agreement, and having reviewed the record in this litigation, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1.     Unless otherwise provided, all terms used herein shall have the same meaning provided in the Settlement Agreement.

2.     The Court finds that the classes are so numerous that joinder of all members would be impracticable, that the litigation and proposed settlement raise issues of law and fact common to the claims of the Class Members and these common issues predominate over any issues affecting only individual members of the settlement classes, that the claims of Tiffany K. Coleman-Weathersbee (the "Named Plaintiff") are typical of the claims of the settlement classes, that in prosecuting this action and negotiating and entering into the Settlement Agreement, the Named Plaintiff and her counsel have fairly and adequately protected the interests of the settlement classes and will adequately represent the settlement classes in connection with the settlement, and that a class action is superior to other methods available for adjudicating the controversy.

3.     The Court finds that the settlement classes meet all of the requirements for certification of a settlement class under the Federal Rules of Civil Procedure and applicable case law.  For settlement purposes, the Court now finally certifies the settlement classes, which are composed of the following Class Members:

**The Sufficient Funds Class**:  Those members of Defendant who, between June 6, 2013, and December 9, 2019, were assessed and paid an overdraft fee on a Sufficient Funds Damage Transaction that was not refunded.

**Multiple NSF Fees on a Single Item Class:**  Those members of Defendant who, from and including June 6, 2013, through December 9, 2019, were assessed more than one NSF fee on a single payment transaction that was not refunded.

**The Pre-Litigation Regulation E Class:**  Those members of Defendant who, from and including June 6, 2013, through June 5,

2019, were assessed and paid an overdraft fee on a debit card or ATM transaction that was not refunded.

**The Post-Litigation Regulation E Class:**  Those members of Defendant who, from and including June 6, 2019, through December 11, 2019, were assessed and paid an overdraft fee on a debit card or ATM transaction that was not refunded and those members of Defendant who, from and including December 12, 2019, to when the member opted-in to the Regulation E overdraft program under the revised Opt-In Agreement sent in December 2019, were assessed and paid an overdraft fee on a debit card or ATM transaction that was not refunded.

4.    The Court appoints Named Plaintiff Tiffany K. Coleman-Weathersbee as the Class Representative of the four settlement classes.

5.    The Court appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq"), as the Claims Administrator under the terms of the Settlement Agreement.  All costs incurred in connection with providing notice and settlement administration services to the Class Members shall be paid from the Settlement Fund.  The Claims Administrator shall be subject to the jurisdiction of the Court with respect to the administration of the settlement and shall comply with the terms of the Settlement Agreement.

6.    The Court further finds that counsel for the settlement classes, Richard D. McCune of McCune Wright Arevalo, LLP, Taras Kick of The Kick Law Firm, APC, and Phillip Goodman, Of Counsel of Hubbard Snitchler & Parzianello, PLC are qualified, experienced, and skilled attorneys capable of adequately representing the settlement classes, and they are approved as Class Counsel.

7.     The Court finds that the distribution of the notice of the settlement has been completed in conformity with the Court's preliminary approval order.  The Court finds that the notice was the best practicable under the circumstances and provided due and adequate notice of the proceedings of the terms of the settlement. The Court finds that the notice fully satisfied the requirements of due process.  The Court also finds that all Class Members were given a full and fair opportunity to object, and all Class Members have had a full and fair opportunity to exclude themselves from the settlement classes.

8.     As set forth in the Declaration of Brian Young of Epiq, dated June 11, 2020, six members of the settlement classes requested exclusion.  The six members who requested exclusion from the proposed settlement are identified in Exhibit D to the June 11, 2020, Declaration of Brian Young and are excluded from this settlement.

9.     Also, as set forth in the Declaration of Brian Young of Epiq, dated June 11, 2020, no members of the settlement classes filed an objection to the settlement.

10.     The Court finds the reaction of the Class Members to the settlement was overwhelmingly favorable.

11.     The Court hereby grants final approval of the terms set forth in the Settlement Agreement and finds that the settlement is, in all respects, fair, adequate, and directs the parties to effectuate the Settlement Agreement according to its terms.  The Court finds that the Settlement Agreement has been reached as a result of informed and non-collusive arm's-length negotiations.  The Court further

finds that the parties have conducted extensive investigation and research, and their attorneys were able to reasonably evaluate their respective positions.

12.     The Court finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks.  The amount offered in the settlement is reasonable in light of the expense, complexity, risk, and likely duration of further litigation.

13.     The settlement is not an admission by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Order, the Settlement Agreement, or any document referred to herein, or any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant.

14.  The Court finds the requested attorneys' fees of $2,000,000 to be reasonable as a percentage of the Value of the Settlement (19.1%).  In addition, the attorney hours and attorney rates were reasonable and are approved, and the Court finds the requested fee is reasonable under a lodestar cross-check analysis. Accordingly, the Court awards attorney fees in the amount of $2,000,000 to be paid to Class Counsel from the Settlement Fund by the deadline specified in the Settlement Agreement.

15.     The Court further finds that the request for reimbursement of litigation costs in the amount of $100,000 is reasonable based on the work necessary to achieve this favorable class settlement and is to be paid to Class Counsel from the Settlement Fund by the deadline specified in the Settlement Agreement.

16.     The Court finds that Named Plaintiff Tiffany K. Coleman-Weathersbee assisted with the prosecution and litigation of the case, including producing documents, assisting Class Counsel, responding to formal discovery, personally appearing for a deposition, attending the mediation, and having been willing to testify at trial.  The Court therefore awards a service fee in the amount valued at approximately $14,674, in the form of the forgiveness of a loan she had with Defendant in that amount by the deadline specified in the Settlement Agreement.

17.     The Court finds the Epiq's fees and costs, including estimated fees and costs to fully implement the terms of the Settlement Agreement, for serving as Claims Administrator shall be paid by the deadline specified in the Settlement Agreement.

18.     The Court approves Public Citizen as the *cy pres* recipient in this matter.

19.      Within 10 days of the EFFECTIVE DATE of this order, Defendant shall distribute the Settlement Fund to the Claims Administrator.

20.     The Court retains jurisdiction over the parties, Class Counsel, and the case to enforce the Settlement Agreement and terms of this Judgment.

IT IS SO ORDERED this 29th day of July 2020.


s/Judith E. Levy
JUDITH E. LEVY
United States District Judge